IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 12-92 |
| ) | |
| RICHARD BUSH, ) | Judge Cathy Bissoon |
| Defendant. ) | |

## ORDER

Defendant Richard Bush's Motion to Dismiss for Violation of The Speedy Trial Act and Violation of the Sixth Amendment to the United States Constitution (Doc. 253) is DENIED.

Defendant Bush makes several arguments in support of his position that the period of delay from the date of his arraignment to the upcoming date of his trial, December 1, 2015, violates his statutory and constitutional rights: (1) that the government only added Defendant Mishra to the indictment to delay the prosecution of his case; (2) that the Court cannot justify the delay cause by the continuance from February 1, 2015 to June 1, 2015; and (3) the Court should not have granted the continuance from June 1, 2015, to December 1, 2015. See generally Def.'s Mot. to Dismiss (Doc. 253). As discussed more thoroughly below, the Court reminds Defendant Bush that all of his arguments have been previously examined and rejected by this Court. See Doc. 247 and this Court's Order dated 10/29/14. Indeed, several of these items were discussed on the record at the Court's last hearing.

At the request of the Government, on May 29, 2015, this Court issued an Order (Doc. 247) making findings related to Speedy Trial issues. Specifically, the Court found the ends of justice served by continuing the trial outweigh the best interest of the public and Defendants in a

speedy trial, 18 U.S.C. § 3161(h)(7)(A), and that "the delays in this case do not result in a violation of Defendant Bush's right to a speedy trial." The Court specifically examined the delay from February 1, 2015 to June 1, 2015, and the delay from June 1, 2015 to December 1, 2015 and found, with respect to both, that the ends of justice supported the continuances. As discussed more thoroughly therein, the Court also found that "as a result of the serious health issues of Defendant Willis Wheeler's counsel" the failure to grant a continuance from the June 8, 2015 trial date to December 1, 2015, "would likely result in a miscarriage of justice and would unreasonably deny Defendant Wheeler continuity of counsel." (Doc. 247) (citations omitted). Despite the fact that Defendant Wheeler's counsel, as we know now, ultimately was forced to withdraw his appearance due to his deteriorating health, (Doc. 249), and Defendant Wheeler now has new counsel, (Doc. 250), the reason for the prior extension – to provide Defendant Wheeler with competent, undistracted and continuous counsel – is no less valid today than it was when the Order was issued in May. That continuity of counsel ultimately proved untenable under these unusual circumstances does not invalidate the Court's prior decision or its reasoning.

Finally, Defendant Bush's argument implying improper joinder of Defendant Mishra has already been addressed by this Court's Order dated October, 29, 2014, finding Defendant Mishra was properly joined under Rule 8(b) and that severance is not appropriate. There simply is no evidence that Defendant Mishra was joined in this lawsuit for any improper purpose.

IT IS SO ORDERED.

October 28, 2015                                          s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record