IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Action No. 12-92 |
| RICHARD BUSH, MAYANK MISHRA, | ) ) ) ) ) | Judge Cathy Bissoon |

# ORDER

On November 11, 2015, Defendant Mayank Mishra filed a Motion to Parole Alien Witness, (Doc. 259), asking this Court to permit Defendant Mishra's recently deported mother, Rajeshwari Mishra ("Mrs. Mishra"), to enter the United States for the limited purpose of testifying on Defendant Mishra's behalf. Without explicitly stating it, Defendant Mishra seems to be arguing that the 5th and 6th Amendments to the Constitution require that Mrs. Mishra be present to testify in her son's defense. See generally Doc. 259. In support thereof, Defendant Mishra claims (1) that Mrs. Mishra's testimony is material to Defendant Mishra's defense; (2) the government caused her to be unavailable by deporting her; (3) she is the sole individual capable of providing certain exculpatory testimony; and (4) her deportation threatens to deprive Defendant Mishra of valuable exculpatory testimony. Id.

On November 18, 2015, after an Order by the Court, (Doc. 262) the Government filed its response to Defendant's motion, (Doc. 268), arguing both that this Court does not have jurisdiction to parole Mrs. Mishra and that the Constitution does not entitle Defendant Mishra to present live, in-person testimony of Mrs. Mishra. See generally Doc. 268.

The Court simply lacks the authority to order the remedy Defendant Mishra seeks.  The district courts of the United States are courts of limited jurisdiction, Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376 (1940), "creatures of statute, possessing only such jurisdiction as the statutes expressly confer, and this jurisdiction must always affirmatively appear." U. S. ex rel. Gittlemacker v. Philadelphia Cty., Com. of Pa., 413 F.2d 84, 88 (3d Cir. 1969) (internal citations and quotations omitted).  The parties have pointed to no authority, nor can the Court find any, that authorizes this Court of limited jurisdiction to order such a remedy.

8 U.S.C. Section 1182(d)(5)(A) gives the Attorney General of the United States, in her discretion, the authority to parole aliens into the United States.  8 C.F.R. Section 212.5(a) delegates the discretion to parole to the Secretary of the Department of Homeland Security or his designees, including The United States Citizenship and Immigration Services ("USCIS").  The statute and implementing regulation are clear and unambiguous as to who may grant such parole and do not include a U.S. District Court.

Even had Defendant Mishra taken the appropriate measures to apply to the appropriate authority for parole for Mrs. Mishra, this Court would lack the authority to review that decision. See *Humanitarian Parole*, USCIS, http://www.uscis.gov/humanitarian/humanitarian-parole (last visited Nov. 23, 2015).  The statute explicitly denies courts the jurisdiction to review these types of discretionary decisions, except insofar as those claims raise constitutional issues, then only the appropriate court of appeals shall hear the case.  See 8 U.S.C.§§ 1252(a)(2)(B)(ii) and 1252(a)(2)(D).  Therefore, even assuming *arguendo* that Defendant Mishra could establish a

constitutional guarantee to have his mother testify in his defense, this Court still lacks the authority to review Defendant's claim and certainly to grant the relief requested.[1]

For the reasons stated above, Defendant Mishra's Motion to Parole Alien Witness (Doc. 259) is DENIED.

IT IS SO ORDERED.

November 23, 2015

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] The Court would be willing to entertain a motion requesting alternative forms of testimony to allow Rajeshwara Mishra to testify on behalf of Defendant Mishra.