IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Action No. 12-92 |
| RICHARD BUSH, MAYANK MISHRA, | ) ) ) ) | Judge Cathy Bissoon |

## ORDER

After hours on November 24, 2015, Defendant Mishra filed a Motion to Dismiss (Doc. 277), then the following day, November 25, 2015, a supplement to the motion, (Doc. 278), an additional supplement to the motion, (Doc. 280), and an Amended Motion to Dismiss on (Doc. 281). On November 25, 2015, the government filed its response to Defendant Mishra's myriad filings, (Doc. 279), incorporating by reference for the sake of brevity, its previous response to Defendant Mishra's Motion to Parole Alien Witness (Doc. 268). Finally, on November 27, 2015, Defendant Mishra filed a reply. (Doc. 284).

The parties' positions are summarized as follows: Defendant Mishra argues that by deporting Rajeshwari Mishra ("Rajeshwari") the government has denied Defendant Mishra his right to compulsory process, his right to confrontation, his right to due process, and his right to put on a defense. In support of his motion, Defendant primarily relies on the Supreme Court's holding in United States v. Valenzuela-Bernal, 458 U.S. 858 (1982). Further, he claims that while the government did act in bad faith, it need not have done so in order for the deportation to have interfered with Defendant Mishra's constitutional guarantees, in part because, he alleges, Rajeshwari's testimony would be actually exculpatory and all of the cases the government cited

by the government address access to witnesses with *potentially* exculpatory evidence. The government's position, in short, is that Defendant Mishra is required to, yet unable to show: (a) that Rajeshwari's testimony would have been material *and* favorable to his defense; **and** (b) that the government acted in bad faith in proceeding with her deportation.

The Court agrees with the government, and each of the courts of appeal to examine the issue, that after the Supreme Court's decision in United States v. Youngblood, 488 U.S. 51 (1988), in order to demonstrate that the government has violated a defendant's constitutional rights by deporting a potential witness, the defendant must first make an initial showing that the government acted in bad faith. See United States v. Damra, 621 F.3d 474, 485-90 (6th Cir. 2010); United States v. De La Cruz Suarez 601 F.3d 1202, 1212-13 (11th Cir. 2010); United States v. Chaparro-Alcantara, 226 F.3d 616, 623-24 (7th Cir. 2000); United States v. Dring, 930 F.2d 687, 693 (9th Cir. 1991); United States v. Iribe-Perez, 129 F.3d 1167, 1173 (10th Cir. 1997). Only after such a showing should the Court examine whether the potential testimony would be material and favorable to the defendant. For all of the reasons the government proffers in its Responses to Defendant Mishra's Motion to Parole Alien Witness (Doc. 268) and Motion to Dismiss (Doc. 279), all of which are incorporated by reference herein, the Court finds there is no evidence in the record to support a contention that the government acted in bad faith in deporting Rajeshwari Mishra.

Whether the evidence is potentially exculpatory or actually exculpatory is immaterial in this instance.

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the Court has developed "what might loosely be called the area of constitutionally guaranteed access to

evidence." United States v. Valenzuela–Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193 (1982).

California v. Trombetta, 467 U.S. 479, 485, (1984). Further, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor.*'" Valenzuela-Bernal, 458 U.S. at 867 (emphasis in original). Defendant Mishra was afforded that process yet failed to take advantage of it in every way. A primary purpose of the government providing notice to a defendant about the deportation of a potentially exculpatory witness is so the defendant may interview that witness and make a reasoned determination whether to seek his retention pending trial. United States v. Leal-Del Carmen, 697 F.3d 964, 970 (9th Cir. 2012); see also Valenzuela-Bernal, 458 U.S. at 861 (Defendant's argument was premised on the claim that the deportation had deprived him of the opportunity to interview the two remaining passengers to determine whether they could aid in his defense.").

Here, Defendant Mishra's counsel admits he conducted multiple interviews with Rajeshwari during the course of his representation of Defendant Mishra. Doc. 269 at 16. Further, Defendant Mishra knew in April 2015, that deportation proceedings had been commenced against Rajeshwari.[1] Doc. 277 at 8. Yet, because he and his counsel apparently believed that she would succeed in challenging her deportation and be permitted to remain in the United States they failed to take *any* steps to preserve her testimony for trial. Id. If Defendant Mishra felt as strongly in April as he does now regarding the import of his mother's testimony to

---

[1] Trial in this matter was originally scheduled for June 1, 2015, and was continued by a co-defendant on May 27, 2015, mere days before trial was set to commence. Despite knowing of her pending deportation proceedings, at no time prior to that trial date did Defendant Mishra inform the government or the Court about those pending proceedings or that he intended to call Rajeshwari as, as he now claims, a vital exculpatory witness.

his defense, sending some legal research her way and hoping she would succeed in her removal proceedings and stay in the country, simply cannot suffice. Until Defendant Mishra's email to AUSA Conway on November 10, 2015, the government had no reason to believe that Defendant Mishra wished to call Rajeshwari to testify on his behalf or that Rajeshwari's testimony could in any way benefit Defendant Mishra. Doc. 268 at 11-12. April would have been the appropriate time for the email to AUSA Conway. Counsel had a duty to their client to alert the government of the need for Rajeshwari's testimony as soon as it learned deportation proceedings had commenced.[2] They, instead, sat on their hands.[3] The government did not violate any of Defendant Mishra's constitutional guarantees to a fair trial by deporting Rajeshwari Mishra.

Additionally, Defendant Mishra argues that a video-deposition would be insufficient in this case and asks that the Court allow for live video testimony. Doc. 284 at 13. Defendant Mishra also requests, via briefing, that this Court order the government be the one to make the accommodations for testimony in in India, since according to the Defendant, the government caused her to be unavailable. Doc. 278 at 3. This request comes with a further provision that Rajeshwari not be required to testify in the U.S. Embassy for fear of arrest. Id. Because the Court has already decided that Defendant Mishra's constitutional rights were not violated when the government deported Rajeshwari, Defendant Mishra does not have any constitutional entitlement to have Rajeshwari testify. However, in the interest of being abundantly fair, this

---

[2] Further, that defense counsel still believes that an email or fax to someone within the Department of State or the Department of Homeland Security would magically allow Rajeshwari to appear to testify at her son's trial shows an utter lack of understanding of U.S. immigration law. See Doc. 284 at 10.

[3] While the Court is not prepared to say with certainty that this whole affair smacks of dirty trial tactics on behalf of Defendant Mishra's counsel, the Court is not blind to the timeline of these events.

Court will to permit Rajeshwari to testify via video conference. The government, however, is not required to bear the burden of the arrangements and should not be made to jump through hoops. The Court directs the parties to consult with one another in good faith to *coordinate* the logistics of Rajeshwari's testimony should Defendant wish to proceed in this fashion. Additionally, the parties are to provide the Court with advance notice of when this testimony would occur so as to provide the Court's IT department with sufficient time to coordinate with the appropriate persons in India regarding technical logistics.

For the reasons stated above, Defendant Mishra's Motion to Dismiss is DENIED. IT IS FURTHER ORDERED that if Defendant Mishra wishes to have Rajeshwari testify via video conference, the parties are to coordinate logistics among themselves and inform the Court of those logistics **no later than Thursday, December 3, 2015.**

IT IS SO ORDERED.

November 30, 2015                               s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record