IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Action No. 12-92 |
| RICHARD BUSH, MAYANK MISHRA, | ) ) ) ) ) | Judge Cathy Bissoon |

# ORDER

During trial on December 7, 2015, the government made an oral motion to remove Attorney Norman Silverman's *pro hac vice* status ("Motion"). Upon direction of the Court, the Government filed a written motion requesting the same (Doc. 304) and Defendant Mishra's counsel filed a response (Docs. 303 and 306). Additionally, the parties were afforded an opportunity to make oral argument on the Government's motion that same day.

"Revocation of an attorney's *pro hac vice* status is a recognized sanction for violation of court orders or disciplinary rules." In re Passaic Healthcare Services, LLC, 2015 WL 5894414, at *4 (Bkrtcy. D.N.J., 2015) (citing *inter alia* Johnson v. Trueblood, 629 F.2d 302, 304 (3d Cir. 1980)). Additionally, a demonstrated lack of professionalism and sharp tactics justify such revocation. See United States v. Gibson, 751 F.Supp. 209, 210 (D.D.C. 1990). "Violation of accepted rules of professional conduct which result in the erosion of public confidence in the integrity of the bar and of the legal system also may justify disqualification of defendant's chosen counsel." United States v. Collins, 920 F.2d 619, 627 (10th Cir. 1990) (internal quotations and citations omitted).

Revocation cannot occur without notice and sufficient opportunity to be heard. See Martens v. Thomann, 273 F.3d 159, 175 (2d Cir. 2001). Procedural due process principles apply. Cole v. U.S. Dist. Ct. for Dist. Of Idaho, 366 F.3d 813, 822-23 (9th Cir. 2004) (citing Johnson v. Trueblood, 629 F.2d 302 (3d Cir. 1980)). In determining whether to revoke counsel's *pro hac vice* status based on one or more of the aforementioned grounds, courts evaluate the question in the same way it would evaluate the contemplated disqualification of a regular member of the Court's bar. See Collins, 920 F.2d at 627.

In addition to the observations made on the record during the Court's December 7, 2015 hearing, the Court makes the following additional findings with respect to the government's Motion. Mr. Silverman has continually violated this Court's Orders, and at this point in the trial after having received numerous warnings, the Court can only view those violations as willful. For the benefit of the parties, and to ensure that there is no confusion as to the language of the Orders at issue, the Court will reproduce them here:

> ORDER. The Government's Notice of Evidentiary Issues ("Notice") (Doc. 285 ) hereby is construed as an Omnibus Motion in Limine. For the reasons set forth during the hearing of December 1, 2015, as well as for the reasons proffered by the government in its Notice, which are incorporated herein by reference, the evidentiary issues raised therein are disposed of as follows: (1) The parties are precluded from arguing, implying, or offering any evidence that the government has vindictively or selectively prosecuted any defendant or any relative of any defendant and so the motion is GRANTED; (2) The parties are precluded from arguing, mentioning, implying, or adducing evidence regarding the government's charging decisions, including any other pending or completed case and so the motion is GRANTED; (3) The parties are precluded from arguing, implying, or offering evidence regarding the immigration status of any party, relative of any party, or witness and so the motion is GRANTED; (4) The parties are precluded from mentioning or raising any discovery disputes in the presence of the jury and so the motion is DENIED AS MOOT as Defendants represent to the Court they do not intend to engage in any such conduct; (5) Defendants are precluded from arguing, suggesting, eliciting testimony, or adducing evidence that the chemical diluents, stamp bags, and other materials seized during the government searches were "legal" to possess or sell and so the motion is GRANTED; (7) The Court will rely solely on the Third Circuit Model Jury Instruction to define reasonable doubt to the jury and all contrary definitions are precluded and so the motion is GRANTED. Given Defendant Mishra's counsel's

statements and sentiments expressed during the December 1, 2015 hearing, counsel is put on notice that any efforts to circumvent these rulings before the jury will result in sanctions. Counsel for Defendant Mishra also is instructed to ensure that their witnesses must be informed of the Court's rulings on these issues prior to their testimony.

Court Order (Doc. 295) dated 12/2/2015.

AMENDED ORDER. The Court's Order dated 12/2/15 (Doc. 295 ) is hereby AMENDED as follows: the parties are precluded from mentioning or raising any discovery disputes or issues in the presence of the jury and the government's Notice requesting the same is GRANTED.

Court Order (Doc. 300) dated 12/3/2015.

At numerous occasions during trial, Mr. Silverman argued, suggested, elicited testimony and/or adduced evidence that the chemical diluents, stamp bags, and other materials seized during the government searches were lawful to possess or sell. Further, Mr. Silverman's conduct during trial necessitated this Court to amend its initial Order and issue the Amended Order. Specifically, Mr. Silverman engaged in a discovery dispute both with a witness and with AUSA Conway in front of the jury. Even after repeated Court warnings and clear explanations as to what constitutes a violation of this Court's Orders, Mr. Silverman continued to engage in activity contrary to this Court's Orders.[1]

The Court certainly agrees that Mr. Silverman has displayed sufficiently egregious behavior to warrant revocation of his *pro hac vice* status. Further, the Court is confident that Mr. Silverman has had adequate notice of his violative conduct and ample opportunity to remedy his behavior. On multiple occasions, this Court has provided Mr. Silverman with notice of how his conduct has violated this Court's Orders. The Court has asked follow-up questions to ensure itself that counsel did in fact understand the Court's directives. Only because this Court has

---

[1] It should be noted that to date, Mr. Silverman has been assessed fines of $1,300 for behaviors in contempt of Court, and has been threatened with incarceration if he continues his behavior in contempt of Court.

concerns that revocation of Mr. Silverman's *pro hac vice* status at this late juncture might jeopardize his client's Sixth Amendment rights does it opt not grant the Government's motion. See United States v. Gonzalez-Lopez, 548 U.S. 140, 146 (2006) (noting that the Sixth Amendment ensures particular aspects of fairness, among them "that the accused be defended by the counsel he believes to be best"). Counsel is reminded that that right is not absolute:

> [A] defendant's right to retain counsel of his choice is not absolute and "may not 'be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.' " United States v. Gipson, 693 F.2d 109, 111 (10th Cir.1982) (quoting United States v. Burton, 584 F.2d 485, 489 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979)), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983); United States v. Freeman, 816 F.2d 558, 564 (10th Cir.1987).

Collins, 920 F.2d at 625.

Here, because Mr. Silverman purports to be the only attorney capable of effectively representing Defendant Mishra at this late stage (a contention the Court is unable to disprove), the Court declines to grant the government's Motion at this time. This ruling shall not be construed to apply to any other litigation or cases Mr. Silverman may have pending in this Court, and counsel is put on notice that it is the Court's expectation that all counsel of record for Defendant Mishra be prepared to step into the role of lead counsel in the future.

For the foregoing reasons, in addition to the reasons stated by the Court during the December 7, 2015, hearing, the government's Motion to Revoke Norman Silverman's *pro hac vice* status is DENIED in this case.[2]

IT IS SO ORDERED.

December 8, 2015                                         s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

---

[2] The Court can envision a scenario in which the conduct of Mr. Silverman is simply too egregious to stand. Under that scenario, the Court may be forced to reconsider this decision.

cc (via ECF email notification):

All Counsel of Record