# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 12-92 |
| v. | ) | |
| | ) | |
| RICHARD BUSH, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

Presently before the Court are CJA Form 20 vouchers 9 and 10, submitted by Alonzo Burney and dated October 6, 2014 and January 14, 2015. After a careful audit of these vouchers, as more fully explained herein, the Court will reduce the total requested payment of $9,568.20 for voucher 10 by $1,990.80 to a total of $7,577.40. Voucher 9 will remain unchanged.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Attorney Alonzo Burney represents Richard Bush, who was charged with, and subsequently convicted after trial of, five counts in the superseding indictment in the instant case. Count One charged Mr. Bush with conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. Count two charged Mr. Bush with possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). Counts four through six charged Mr. Bush with various firearm offenses: possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). (Doc. 106). There are

two other defendants charged under the superseding indictment one of whom was tried with Mr. Bush, the other is awaiting trial.

On April 23, 2012, just prior to Mr. Bush's arraignment, Mr. Burney was appointed to represent Mr. Bush pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. (Doc. 39). Trial commenced as to Mr. Bush and his co-defendant Mayank Mishra on December 1, 2015, and the Jury returned its verdict on December 18, 2015.

Upon Motion by Mr. Burney, the Court, on December 5, 2012, issued an Order ("December 5, 2012 Order"), designating the case as complex and extended, and outlining the procedures for Mr. Burney to follow with regard to the submission of interim payments. (Doc. 69). As such, Mr. Burney is authorized to submit interim payment voucher forms beyond the $10,000 case compensation maximum[1]. To date, Mr. Burney has submitted 14 interim voucher forms for services rendered and expenses incurred during his representation of Mr. Bush through December 28, 2015, seeking $112,550.62 in total compensation. Thus far, the Court paid $48,329.81 in compensation. However, the Court ordered Mr. Burney to repay $12,382.00 after a previous audit. (Docs. 174 and 183). Mr. Burney has completed the repayments. The Court has not yet paid vouchers 9-10 and 12-14, which together seek an additional $51,838.81. The $112,550.62 in total requested compensation includes the amount from the outstanding vouchers.

II. <u>DISCUSSION</u>

The CJA authorizes the appointment of, and the compensation for, counsel to represent indigent defendants charged with federal offenses. <u>See</u> 18 U.S.C. § 3306A. In cases deemed extended and complex, as well as in cases not deemed extended and complex, the determination of the amount of compensation to be awarded to a CJA-appointed attorney rests entirely within

---

[1] The case compensation maximum is $10,000 for a matter that terminates in the 2016 calendar year.

the discretion of the district court. See 18 U.S.C. § 3006A(d)(5); see also United States v. Stone, 53 F.3d 141, 142 (6th Cir. 1995) (district court has the discretion to determine the appropriate amount for CJA-appointed attorney fees based, in part, on the nature of the case and the extent of the representation). Per the December 5, 2012 Order, and consistent with the Guide to Judiciary Policy, Mr. Burney, as a CJA-appointed attorney in this case, is required to maintain contemporaneous time records which are subject to audit and, when requested by the Court, must provide a detailed memorandum justifying all time claimed in a voucher. See Dec. 5, 2012 Order; see also Guide to Judiciary Policy, Vol. 7A, §§ 230.30.30, 230.76.

Upon receipt of Mr. Burney's interim vouchers numbers 9 and 10, the Court questioned the exceedingly large total being requested. By letter dated November 20, 2015, Mr. Burney was asked to submit to the Court a detailed memorandum justifying all time claimed in voucher numbers 9 and 10. (Doc. 296). The Court specifically requested that Mr. Burney indicate the page length of each of the documents he reviewed and explain why certain documents necessitated multiple reviews. Id. Mr. Burney filed his response on February 6, 2016. (Doc. 341).

This is not the first instance the Court has audited and subsequently lowered the total payment for Mr. Burney's interim vouchers arising from his representation of Mr. Bush. On April 29, 2014, the Court audited vouchers 1-6 and reduced the total requested payment of $53,254.73 by $12,382.00. (Doc. 174). In doing so, the Court noted that Mr. Burney's billed fees and expenses were far in excess of the total amounts requested cumulatively by all CJA panel attorneys in some of the related cases. Id.

After a thorough review of Mr. Burney's current submissions and supporting documentation, the Court finds the fees and expenses billed in vouchers 9 and 10 do not

3

represent fair compensation for Mr. Burney's representation of Mr. Bush, and therefore the compensation must be reduced. The Court specifically audited Mr. Burney's review of records, including the duration and frequency of review[2]. Mr. Burney included on voucher 10 a number of documents that he had already billed for having reviewed on voucher 9 several weeks earlier. In addition, voucher 10 contained multiple entries for the same documents. The Court cannot justify paying Mr. Burney multiple times for a review of the same document. Where Mr. Burney's vouchers bill for multiple instances of reviewing a single document, the Court will authorize only the first review. The Court will not authorize a second or third review.

Where voucher 10 contained a repeat review, the Court deducted from voucher 10 the time Mr. Burney allotted to that particular document on voucher 9. Where Mr. Burney billed for the same document within voucher 10, the time allotted for the second review was likewise deducted. The time billed for the first review, given the length of the documents at issue, seems more than sufficient. As a specific example, on voucher 9, Mr. Burney billed 1.6 hours for reviewing documents 77 and 90. Then on voucher 10, he billed 1.8 hours for reviewing documents 77, 90, 192 and 193. The Court deducted from voucher 10 the 1.6 hours Mr. Burney billed on voucher 9 for the review of documents 77 and 90, leaving 0.2 hours for his review of documents 192 and 193. The Court repeated this type of calculation for every instance where a document was reviewed on multiple occasions, which occurred seven separate times. This results on a reduction of voucher 10 by 15.8 hours, the equivalent of $1,990.80.

Notwithstanding the complex and extended designation of this case, the Court hardly sees how or why it is worth ten times that of a typical criminal felony case. This Court has not seen invoices this high even in more complex matters tried in this Court. Further, and perhaps more

---

[2] While Mr. Burney categorized his review of documents as Investigative and Other Work, it is more appropriately categorized as Obtaining and Reviewing Records.

importantly, the Court did not see the fruits of this alleged over-preparation during trial. Over the course of Mr. Bush's trial, it became obvious to the Court that Mr. Burney was learning about various aspects of the case for the first time in the courtroom – aspects that should have been apparent to anyone who truly digested the discovery in this case. Moreover, Mr. Burney's cross examination in the case typically called for no more than repetition of any given witness's testimony. While the Court is not prepared to say that Mr. Burney's counsel was ineffective, the lawyering displayed by Mr. Burney at trial certainly cannot be said to be commensurate with the amount of money he has sought as compensation in this case. Counsel was warned that he needed to be cognizant of how he spent his time on this case and these vouchers fail to demonstrate that concern. In light of the above, the Court finds that the amount billed for such work during this time period is once again unreasonable and seemingly disproportionate to the services rendered.

III. CONCLUSION

As numerous federal courts have explained, the purpose of the CJA is not to help attorneys profit, but to provide indigent defendants with adequate representation in the federal courts, and to provide reasonable compensation to counsel who are assigned. In re Smith, 586 F.3d 1169, 1175 (9th Cir. 2009) (quoting S.Rep. No. 88–346, at 1 (1963)); see also United States v. Stout, 109 F.Supp.2d 982, 984 (C.D.Ill. 2000) (counsel entitled to be paid "only for hours that are necessary for reasonably diligent, conscientious, and competent representation").

A review of Mr. Burney's vouchers and his response to the Court's Audit Letter demonstrates that Mr. Burney has not met his burden to demonstrate to the Court that the time billed represents fair compensation. Based on the foregoing, after a review of vouchers 9 and 10,

5

the Court will reduce the total requested payment in voucher 10 of $9,568.20 by $1,990.80 to a total of $7,577.40.  Given the Court's observations, this is generous.

Pursuant to § 230.36(a) of the CJA guidelines, Mr. Burney is afforded fourteen days to address the matter raised in this opinion, in the form of a motion for reconsideration.  See <u>United States v. Tillman</u>, No. 08-254, 2010 WL 2245033, at *3 (W.D. Pa. June 3, 2010).  In addition, Mr. Burney shall review this opinion for any necessary redactions under the attorney-client privilege.  The Court will permit Mr. Burney to file such objections and/or redactions under seal.  If the Court does not receive any objections or redactions by March 14, 2016, the Court will lift the seal on this opinion.

## II.  ORDER

For the reasons stated above, the Court hereby orders that Mr. Burney's total requested payment of $9,568.20 for voucher 10 will be reduced by $1,990.80 to a total of $7,577.40.

Mr. Burney shall file any objections, in the form of a motion for reconsideration, or any requests for redaction, no later than **March 14, 2016.**

IT IS SO ORDERED.


March 1, 2016                                                         s\Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                  United States District Judge