IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BUSH, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 12-92 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Assuming that it is timely, Petitioner's Motion (Doc. 647) under 28 U.S.C. § 2255 will be denied.[1]  An evidentiary hearing is unnecessary because the filings of record show that Petitioner is not entitled to relief.

As the government correctly states, Petitioner's *Rehaif* claim is procedurally defaulted. *See* Resp't Br. (Doc. 659) at 1 ("Neither during the trial nor during his initial appeal did [Petitioner] raise the issue about whether the government had to establish that [Petitioner] knew he was a felon at the time of his possession of firearms to establish a violation of 18 U.S.C. § 922(g)(1).").[2]  Under materially similar circumstances, this Court, and the Court of Appeals for the Third Circuit, consistently have held the same.  *See* Rutherford v. United States, 2022 WL 3042661, *2 (W.D. Pa. Aug. 2, 2022) (citing decisions).

---

[1] The Court is not entirely convinced that § 2255(f)(3) is applicable.  *See* In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020) ("[*Rehaif*] did not set forth a new rule of *constitutional* law as contemplated by § 2255(h).").

[2] Parenthetically, Petitioner's trial and appellate counsel were not ineffective in failing to raise a *Rehaif* claim.  *See* Stoner v. U.S., 2021 WL 3472385, *5 (M.D. Pa. Aug. 6, 2021) (holding same, because "failing to predict a change in the law is not deficient performance") (citation to quoted, binding authority omitted)).

Having procedurally defaulted, Petitioner must demonstrate both cause and actual prejudice − or actual innocence.  Actual innocence is not meaningfully at issue.  *Compare* Resp't Br. at 1 ("[T]he [Petitioner] stipulated that he was a felon, which obviated the need for the government to present evidence of [his] extensive criminal record, which includes multiple felony convictions."); *with* United States v. Adams, 36 F.4th 137, 152 (3d Cir. 2022) ("Greer [v. United States, 141 S. Ct. 2090 (2021)], in effect, created a presumption that the knowledge-of-status element is satisfied whenever a § 922(g)(1) defendant is, in fact, a felon.").

That leaves "cause" and "actual prejudice."  The Court need not address the former, because Petitioner has not shown the latter.  *See* United States v. De Castro, 49 F.4th 836, 847 (3d Cir. 2022) ("To show prejudice, [the Petitioner] must establish that the Government's failure to prove an essential element of the claim worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.").

Petitioner's *Rehaif* claim is procedurally defaulted, he cannot overcome the default and his 2255 Motion (**Doc. 647**) is **DENIED**.

No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable.  *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

May 15, 2023                                                        s/Cathy Bissoon
                                                                    Cathy Bissoon
                                                                    United States District Judge


cc (via ECF email notification):

All Counsel of Record